IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MARGARET QUIGLEY,                      *

      Plaintiff,                    *

      v.                            *       CIVIL NO.: WDQ-14-2227

MERITUS HEALTH, INC.,
et al.,                                *

      Defendants.                   *

\* * * * * * * * * * * * *

MEMORANDUM OPINION

Margaret Quigley, *pro se*, sued Meritus Health, Inc. and others ("the Defendants") for violating the Family and Medical Leave Act of 1993 ("FMLA").[1]  Pending are the Defendants' motion to dismiss the original complaint and motion to dismiss the amended complaint.  No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the following reasons, the Defendants' motion to dismiss the original complaint will be denied as moot; the motion to dismiss the amended complaint will be denied.

---

[1] 29 U.S.C. § 2601, *et seq.*

I.  Background[2]

On September 10, 2007, Meritus Medical Center ("Meritus") hired the Plaintiff as a full-time ultrasonographer. ECF No. 13 ("Am. Compl.") at ¶ 8. Between April 2008 and April 2012, the Plaintiff "held the night shift position in the ultrasound department . . . ." Id. at ¶ 9.

In 2012, Meritus had six full-time sonographers. Am. Compl. at ¶ 11. The other five sonographers were on a rotating shift schedule; the only permanent shift was the Plaintiff's. Id. The Plaintiff worked Wednesday through Sunday from 11 pm to 7 am. Id. "[The] night shift pa[id] an additional shift differential of 20% during weeknights . . . [and] 25% during weekend nights." Id. at ¶ 10.

In February 2012, the Plaintiff informed Meritus that she would be undergoing surgery and would take medical leave starting on April 6, 2012. Am. Compl. at ¶ 12. Meritus approved the leave request. Id. While the Plaintiff was on leave, Meritus shifted all sonographers to a rotating shift schedule, eliminating the Plaintiff's permanent shift. Id. at ¶¶ 15-17.

---

[2] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true. Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011). The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

On May 4, 2012, the Plaintiff notified Meritus that she would be ready to return to her normal shift on May 30, 2012. Am. Compl. at ¶ 13. Meritus informed the Plaintiff that she could return as a full-time sonographer, but she would be placed on a rotating shift schedule like the other sonographers. *Id.* at ¶ 13. On May 23, 2012, the Plaintiff called the Human Resources Benefit Specialist to complain about being removed from the night shift. *Id.* at ¶ 14. On May 24, 2012, the Plaintiff called the head of human resources. *Id.* at ¶ 15. The head of human resources told the Plaintiff that "all employees in ultrasound now work rotating shifts due to the business needs of the department. *Id.*

The Plaintiff insisted that a rotating shift was not an equivalent position. Am. Compl. at ¶¶ 16-17. The Plaintiff "was adamant about returning to her original position because a rotating shift position would result in a substantial loss of income." *Id.* at ¶ 18. Further, working a rotating shift interfered with the Plaintiff's care of her elderly mother. *Id.* In June 2012, the head of the ultrasound department informed the Plaintiff that her last day of work would be June 4, 2012. *Id.* at ¶ 19.

On June 4, 2014, the Plaintiff sued Meritus and others for violating the FMLA. ECF Nos. 1-2. On July 11, 2014, the Defendants removed the case to this Court. ECF No. 1. On July

16, 2014, the Defendants moved to dismiss the complaint for failure to state a claim. ECF No. 7. On July 31, 2014, the Plaintiff filed an amended complaint. ECF No. 13.

On August 18, 2014, the Defendants moved to dismiss the amended complaint. ECF No. 16. On September 4, 2014, the Plaintiff opposed the motion. ECF No. 18. On September 22, 2014, the Defendants replied. ECF No. 19.

II. Analysis

A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action can be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to

4

"state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B. The Defendants' Motion to Dismiss the Original Complaint

"It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot." *Blount v. Carlson Hotels*, 3:11CV452-MOC-DSC, 2011 WL 6098697, at *1 (W.D.N.C. Dec. 6, 2011) (*citing Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect.")). Accordingly, the Court will

deny the Defendants' motion to dismiss the original complaint as moot.

    C.    The Defendants' Motion to Dismiss the Amended Complaint

The Defendants argue that the Court should dismiss the amended complaint because the Plaintiff was offered an equivalent position after Meritus instituted a structural change to the ultrasound department during her leave. ECF No. 16-1 at 4. The Plaintiff asserts that "[c]hanging [the Plaintiff's] shift to rotate with the other sonographers, who were already assigned rotating shifts, for years, [was] not a legitimate reorganization. [Meritus] did not eliminate any positions, or change anyone else's shifts, except for [the Plaintiff's]." ECF No. 18 at 4.

Under the FMLA, employees are "entitled to a total of 12 workweeks of leave during any 12-month period" for health or family related matters. 29 U.S.C. § 2612(a)(1). Section 2614(a)(1) entitles an employee who takes FMLA leave to restoration:

> [A]ny eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave--
>
>     A.    to be restored by the employer to the position of employment held by the employee when the leave commenced; or
>
>     B.    to be restored to an equivalent position

> with equivalent employment benefits, pay, and other terms and conditions of employment.

However, "[n]othing in this section shall be construed to entitle any restored employee to any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave." 29 U.S.C. § 2612(a)(3)(B).

In *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 545 (4th Cir. 2006), a casino manager took an eleven-week FMLA leave of absence. While the employee was on leave, "the company was reorganize[ed] in a way that eliminated his position" as well as another management position. *Id*. The plaintiff was invited to apply for the two newly created positions that resulted from the reorganization, but he refused. *Id*.

The Fourth Circuit held that summary judgment for the defendant on the plaintiff's FMLA claim was proper. *Id*. at 547-48. The court reasoned that the FMLA does not create an absolute right to restoration. *Id*. Instead, "an employer can avoid liability under the FMLA if it can prove that it 'would not have retained an employee had the employee not been on FMLA leave.'" *Id*. at 547 (quoting *Throneberry v. McGehee Desha County Hosp.*, 403 F.3d 972, 977 (8th Cir. 2005)).[3]

---

[3] The Secretary of Labor has also addressed an employee's right to restoration under the FMLA:

Here, the Defendants argue that the Plaintiff has failed to state an FMLA claim because Meritus reorganized the ultrasound department during her leave and offered her a rotating shift position. *See* ECF No. 16-1 at 4. However, the Plaintiff asserts that the reorganization was not valid and would not have occurred absent her leave because her position was the only one changed.[4] *See* Am. Compl. at ¶¶ 11, 19; *see also* ECF No. 18 at 4 ("Changing [the Plaintiff's] shift to rotate with the other sonographers, who were already assigned rotating shifts, for years, [was] not a legitimate reorganization. [Meritus] did not eliminate any positions, or change anyone else's shifts, except for [the Plaintiff's].").

If the Defendants can show that the reorganization would have occurred regardless of the Plaintiff's leave than no FMLA violation occurred. *See Yashenko*, 446 F.3d at 547-49. This is the Defendants' burden. *See id.* Accordingly, it is

---

> An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period. An employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment.

29 C.F.R. § 825.216(a).

[4] When dealing with a *pro se* party, the Court construes her complaint liberally. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*

inappropriate for the Court to grant summary judgment when the Defendants' motive for the reorganization is at issue. The amended complaint states a claim under the FMLA, and the Defendants' motion to dismiss will be denied.

III. Conclusion

For the reasons stated above, the Defendants' motion to dismiss the original complaint will be denied as moot; the motion to dismiss the amended complaint will be denied.

___2/24/15___  
Date

___/s/___  
William D. Quarles, Jr.  
United States District Judge